

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Alejandro Hernandez v. J. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Alejandro Hernandez v. J. Martinez" (2009). *2009 Decisions.* Paper 1397.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1397

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-144                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4615
_____

ALEJANDRO DEJESUS HERNANDEZ,
                                                        Appellant

v.

WARDEN J. MARTINEZ,
LSCI Allenwood

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-00840)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2009

Before: RENDELL, HARDIMAN and STAPLETON, Circuit Judges

(Filed: May 5, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

      Alejandro Dejesus Hernandez appeals pro se from the District Court's dismissal of

his habeas petition.  By Clerk's order, this appeal was dismissed for failure to prosecute

because Hernandez had neither paid the filing fee nor filed an application for leave to proceed in forma pauperis ("IFP"). We later received his application for leave to proceed IFP, which was dated prior to the Clerk's order, and we construe that application also as a motion to reopen this appeal. Hernandez's motion to reopen and his application to proceed IFP are granted. Because this appeal presents no substantial question, we will summarily affirm. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

In 1991, a federal jury in the Eastern District of Virginia found Hernandez guilty of conspiracy to possess and distribute drugs in violation of 21 U.S.C. §§ 841(a)(a) and 846. Its verdict did not specify the identity or amount of the drugs, but the trial court found that the crimes involved more than five kilograms of cocaine and sentenced Hernandez to 324 months of imprisonment. See United States v. Hernandez, 977 F.2d 574, No. 91-5188, 1992 WL 250056, at *1 (4th Cir. Oct. 2, 1992). Hernandez challenged that finding on appeal, but the United States Court of Appeals for the Fourth Circuit affirmed. See id. at *3-4. Hernandez then filed a motion under 28 U.S.C. § 2255 to vacate his sentence on the grounds of ineffective assistance of counsel. The District Court denied that motion and the Fourth Circuit denied Hernandez's request for a certificate of appealability. See United States v. Hernandez, 155 F.3d 562, No. 98-6615, 1998 WL 398760, at *1 (4th Cir. July 9, 1998).

Hernandez was later transferred to a federal prison located in Pennsylvania. In

2001, he filed another habeas petition, purportedly under 28 U.S.C. § 2241. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), he argued that the identity and amount of the drugs involved should have been resolved by the jury. The District Court dismissed Hernandez's petition after concluding that he was required but unable to proceed under § 2255, and we affirmed. See Fraser v. Zenk, 90 Fed. Appx. 428 (3d Cir. 2004). In particular, we explained why Hernandez's Apprendi claim did not allow him to avoid the gate-keeping requirements of § 2255 by proceeding under § 2241 instead.

Some four years later, Hernandez filed the habeas petition at issue here, once again under § 2241. This time, Hernandez argues that he is "actually innocent" of his sentence because (1) he was charged with conspiracy to possess and distribute marijuana in addition to cocaine, (2) the jury's verdict did not identify the drugs involved, and (3) for sentencing purposes, the trial court should have assumed that the jury had convicted him only on the basis of marijuana instead of finding that the crime actually involved cocaine.

Hernandez relies for this argument solely on Edwards v. United States, 523 U.S. 511 (1998). In Edwards, the defendant was charged with possessing a substance that contained both cocaine and cocaine base (i.e., "crack"), but the jury was instructed that it should convict if the substance contained either cocaine or crack and it returned only a general guilty verdict. The trial court then found that the substance contained both cocaine and crack and sentenced the defendant on that basis. The defendant argued that, under the Sentencing Guidelines, the drug statutes and the Constitution, the trial court

3

was required to assume from the jury's general verdict that it had convicted him only of possessing cocaine. The Supreme Court rejected this argument under the Guidelines, explaining that the trial court had done precisely what the Guidelines then required it to do by determining the identity and amount of the drugs involved. See id. at 513-14. The Supreme Court declined to reach the defendant's other arguments because his sentence was less than the statutory maximum for cocaine only and thus would have been proper even if the trial court had assumed that it contained no crack. See id. at 515.

Hernandez argues that his sentence, by contrast, exceeded the statutory maximum for conspiracy to possess and distribute marijuana only. Thus, he in essence argues that the Supreme Court's reason for not reaching the statutory and constitutional arguments in Edwards do not apply to him. Acting on a Magistrate Judge's Report and Recommendation, which explains why Hernandez may not proceed under § 2241, the District Court dismissed Hernandez's petition by order entered November 12, 2008. Hernandez appeals.[1]

## II.

Federal prisoners challenging the validity of their sentences must proceed under §

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal the denial of Hernandez's putative § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, ___, No. 07-4782, 2009 WL 385419, at *2 (3d Cir. Feb. 18, 2009). Our review of the District Court's legal conclusions is plenary. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

2255 unless the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. In this case, Hernandez relies solely on the Supreme Court's decision in Edwards. That decision was issued in 1998, and did not announce a new, retroactively-applicable rule of constitutional law. Thus, if Hernandez is required to proceed under § 2255, his motion would be barred by both the one-year statute of limitations and the restrictions on second or successive motions applicable to § 2255 motions. See 28 U.S.C. § 2255(f) and (h).

As Hernandez concedes, that fact alone does not render the § 2255 remedy "inadequate or ineffective." See Cradle, 290 F.3d at 539. Hernandez instead argues that Edwards renders him "actually innocent" of his sentence and that we should allow resort to § 2241 under the principles we applied in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, we allowed a prisoner to proceed under § 2241 when, after his § 2255 petition had been denied, the Supreme Court interpreted the statute of conviction in a way that "decriminalized" his conduct. See id. at 252. We reasoned that a § 2255 proceeding was inadequate and ineffective because the Supreme Court's decision was not of constitutional dimension, and the petitioner thus could not bring a second § 2255 motion, but that disallowing any challenge would amount to a miscarriage of justice because the petitioner had no prior opportunity to present his claim and his conduct no longer constituted a crime. See id. at 151-52. Hernandez argues that this reasoning applies also to his claim under Edwards.

5

As the Magistrate Judge explained, however, Hernandez's claim is not like the claim at issue in In re Dorsainvil. Edwards did not change the substantive elements of the crimes of which Hernandez was convicted or render his conduct non-criminal, and Hernandez does not argue otherwise. Edwards also does not entitle Hernandez to relief from his sentence. The holding of Edwards is merely that the then-prevailing Sentencing Guidelines required the judge to determine the identity and amount of controlled substances for sentencing purposes, just as the judge at Hernandez's trial did, and the Court expressly declined to decide more than that. Accordingly, Hernandez's claim does not fall under the narrow exception we recognized in In re Dorsainvil and does not otherwise allow him to proceed under § 2241.

Even if it did, we would affirm on the alternative ground that Hernandez's petition is an abuse of the writ. See Queen v. Minor, 530 F.3d 253, 255 (3d Cir. 2008). Hernandez's Edwards claim was available to him when he filed his first § 2241 petition, and he has neither offered any explanation for raising it only now nor argued that he is factually innocent of the crimes of which he was convicted. See id.

Accordingly, we will affirm. Hernandez's motion for summary reversal is denied.