

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2003

# USA v. Jenkins

Precedential or Non-Precedential: Precedential

Docket No. 01-1722

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Jenkins" (2003). *2003 Decisions.* Paper 413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 18, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1722

UNITED STATES OF AMERICA

v.

WILLIAM R. JENKINS,
*Appellant*

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 97-cr-00023)

District Court Judge: William J. Nealon

Argued: February 13, 2003

BEFORE: ALITO and McKEE, *Circuit Judges*, and
SCHWARZER,* *Senior District Judge*

(Filed: June 18, 2003)

> JOSEPH A. O'BRIEN (ARGUED)
> Oliver, Price & Rhodes
> 1212 South Abington Road
> P.O. Box 240
> Clarks Summit, PA 18411
>
> *Attorney for William R. Jenkins,*
> *Appellant*

---

* Honorable William W Schwarzer, Senior District Judge, Northern
District of California, sitting by designation.

BRUCE BRANDLER (ARGUED)
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 11754
Harrisburg, PA 17108

*Attorneys for United States of America, Appellee*

## OPINION OF THE COURT

SCHWARZER, *Senior District Judge*:

William R. Jenkins was convicted of ten of eleven counts charging conspiracy to distribute marijuana, drug trafficking, possessing and transferring machine guns and related offenses. 18 U.S.C. §§ 2, 371, 922(a)(4) and (6), 922(g)(1), 922(o), 924(c)(1), 1952; 21 U.S.C. §§ 841(a)(1), 846; and 26 U.S.C. § 5861. The convictions were affirmed. *United States v. Jenkins*, 185 F.3d 863 (3d Cir. 1999) (unpublished), *cert. denied*, 528 U.S. 978 (1999).

The indictment on which Jenkins was convicted did not specify the quantity of drugs with which he was charged. The sentence the district judge imposed on the drug counts was for an offense involving between sixty and ninety kilograms of marijuana, based on the calculation in the presentence report. Because the resulting sentence exceeded the statutory maximum for an offense involving less than fifty kilograms under 21 U.S.C. § 841(b)(1)(D), Jenkins moved under 28 U.S.C. § 2255 to vacate his sentence on the drug counts, invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Apprendi* was not decided until after Jenkins's conviction had been affirmed and become final. Although the government opposed his motion on the ground of *Apprendi*'s non-retroactivity, the district court did not rule on the issue. Instead, the court ruled, erroneously as the government concedes, that Jenkins's sentence of 210 months did not exceed the statutory maximum of 480 months on the two drug counts. *See United States v. McCulligan*, 256 F.3d 97, 104-05 (3d Cir. 2001); *United*

*States v. Henry*, 282 F.3d 242, 251 (3d Cir. 2002) (finding the statutory maximum under § 841(b)(1)(D) is sixty months).

Jenkins appealed the denial of his motion and this court issued a certificate of appealability limited to the *Apprendi* issue. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. Our review of an order denying a motion under § 2255 is plenary. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm an order of the district court on any ground supported by the record. *See In re Columbia Gas System Inc.*, 50 F.3d 233, 237 n.6 (3d Cir. 1995).

## DISCUSSION

### I. RETROACTIVITY OF *APPRENDI*

In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Jenkins contends that his constitutional rights were violated because the jury did not make a determination beyond a reasonable doubt of the amount of drugs for which he was held responsible. We held in *In re Turner*, 267 F.3d 225 (3d Cir. 2001), that *Apprendi* is not retroactive to a successive habeas petition in light of the specific requirement of the Antiterrorism and Effective Death Penalty Act of 1996 for such petitions that "a new rule of constitutional law [must have been] made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 ¶ 8. We now decide whether *Apprendi* is retroactive to initial motions for post conviction relief which are not subject to that requirement.

All eight courts of appeals to have addressed the question have held that it is not. *See United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002), *rehearing en banc denied*, 54 Fed. Appx. 415, ___ F.3d ___, (2002), *petition for cert. filed*, (2003); *Curtis v. United States*, 294 F.3d 841, 842-44 (7th Cir. 2002), *cert. denied*, 123 S. Ct. 451 (2002); *United States v. Mora*, 293 F.3d 1213, 1218-19 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 388 (2002); *United States v. Moss,*

252 F.3d 993, 997-1001 (8th Cir. 2001), *cert. denied*, 543 U.S. 1097 (2002); *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), *cert. denied*, 123 S. Ct. 711 (2002); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 667-71 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 48 (2002); *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 122 S. Ct. 2362 (2002); and *United States v. Sanders*, 247 F.3d 139, 141 (4th Cir. 2001), *cert. denied*, 534 U.S. 1032 (2001).

Jenkins contends that the retroactivity analysis of *Apprendi* should be approached on the premise that its principle lies on a "continuum midway between the procedural and substantive standards," requiring a determination whether a non-retroactive application of *Apprendi* would "clearly result in an egregious injustice," citing *United States v. Woods*, 986 F.2d 669, 678 (3d Cir. 1993). There, the court found that the Supreme Court's decision in *Hughey v. United States*, 495 U.S. 411 (1990), limiting the district court's statutory authority to order restitution, did not fall neatly into either the substantive or procedural doctrinal categories for purposes of retroactivity analysis.

Jenkins's reliance on *Woods* is misplaced. In *Apprendi* the Supreme Court defined the issue to be procedural: "The substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is." *Apprendi*, 530 U.S. at 475. All of the circuits to have addressed the issue have held that *Apprendi* is procedural. As the Seventh Circuit put it:

> *Apprendi* is about nothing but procedure—who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt). *Apprendi* does not alter which facts have what legal significance, let alone suggest that conspiring to distribute marijuana is no longer a federal crime unless the jury finds that some particular quantity has been sold.

*Curtis*, 294 F.3d at 843. *See also Brown*, 305 F.3d at 309; *Mora*, 293 F.3d at 1218; *Moss*, 252 F.3d at 997-99; *Goode*, 305 F.3d at 383; *Sanchez-Cervantes*, 282 F.3d at 668;

*McCoy*, 266 F.3d at 1256; *Sanders*, 247 F.3d at 147 ("To the contrary, *Apprendi* constitutes a procedural rule because it dictates what fact-finding procedure must be employed to ensure a fair trial."). We join our sister circuits and hold *Apprendi* to be a rule of criminal procedure.

Moreover, all of the circuit decisions cited above holding *Apprendi* not to be retroactive have analyzed it as a new rule under *Teague v. Lane*, 489 U.S. 288 (1989). Under *Teague*, a new procedural rule may be applied retroactively if it (1) "places certain kinds of conduct beyond the power of the criminal law-making authority to proscribe" or (2) "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Id.* at 311 (internal quotations omitted). Jenkins does not contend that *Apprendi* falls into either category and we see no reason to part ways with the other circuits in this regard.

Jenkins argues that because he was convicted as a result of a proceeding in which he was denied the constitutionally required reasonable doubt standard, and the truth-finding safeguard it implicates, the *Apprendi* rule should be applied retroactively, citing *V. v. City of New York*, 407 U.S. 203 (1972). But this argument misconceives the function of *Apprendi*. Its application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt. Allowing a judge to determine the quantity of drugs for sentencing purposes does not impair the jury's ability to find the truth regarding the defendant's involvement in the underlying offense. *See Sanchez-Cervantes*, 282 F.3d at 671.

## II. PROCEDURAL BAR

Even if *Apprendi* applied, we would affirm the denial of Jenkins's § 2255 motion on the additional ground that he is procedurally barred from challenging his sentence because he failed to raise the *Apprendi* claim before the judgment of conviction had become final. To avoid this default, Jenkins must demonstrate both cause for the default and actual prejudice to him as the result of this error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to

raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' ") (internal citations omitted).

Jenkins contends not that he is actually innocent, but that he cannot be held to have forfeited his claim because settled law in the circuit pre-*Apprendi* did not provide a legal basis for the claim, citing *United States v. Lewis*, 113 F.3d 487, 490 (3d Cir. 1997) (holding drug quantity in § 841 is a "sentencing factor" to be determined by the court rather than an element of the offense to be determined by the jury). In *Reed v. Ross*, 468 U.S. 1 (1984), the Court held that "cause" to excuse a procedural default may exist "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Id.* at 16. However, as held in *Bousley*, 523 U.S. at 622-23, where the argument was not novel and "the Federal Reporters were replete with cases involving [similar] challenges," the default is not excused. We agree with the circuit courts to have considered the question, which concluded, without exception, that the foundation for *Apprendi* was laid years before the decision was announced. *See Moss*, 252 F.3d at 1001-02; *McCoy*, 266 F.3d at 1258; *Sanders*, 247 F.3d at 145-46.

Jenkins, moreover, has failed to demonstrate "actual prejudice." *Frady*, 456 U.S. at 167. The evidence at trial was overwhelming that Jenkins's drug trafficking offenses involved at least fifty kilograms of marijuana. *See United States v. Vazquez*, 271 F.3d 93, 106 (3d Cir. 2001) (*en banc*) (stating that on the undisputed evidence, a rational jury would have found defendant had conspired to possess or distribute no less than the quantity of drugs charged). And because Jenkins withdrew his objections to the drug quantity attributable to him in the presentence report, the district court accepted those quantities as its findings of fact. Fed. R. Crim. P. 32(b)(6); *United States v. Gricco*, 277 F.3d 339, 355 (3d Cir. 2002).

Finally, even if *Apprendi* applied, the Guidelines would have required the district court to impose a consecutive sentence on the remaining counts of conviction to achieve the 210-month sentence. *See* U.S.S.G. § 5G1.2(d) (1999)

(when statutory maximum sentence on count of conviction with highest maximum is inadequate to achieve total Guidelines sentence, "the sentence imposed on one or more of the other counts shall run consecutively . . . to the extent necessary to produce a combined sentence equal to the total punishment"). Had the Guidelines been correctly applied, Jenkins's total punishment would actually have been increased. It follows that Jenkins's claim is procedurally barred.

For the foregoing reasons, the district court's order denying Jenkins's motion is AFFIRMED.

A True Copy:
        Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*