**UNITED STATES of America,**

v.

**Ronald WHETHERS, Appellant.**

**No. 02–3328.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 23, 2003.

Decided Aug. 6, 2003.

---

2. Birke's father was a member of the AAPO and was subjected to a month long detention by government officials.

Before RENDELL, SMITH and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Ronald Whethers appeals the order of the District Court for the Western District of Pennsylvania denying his motion for post-conviction relief under 28 U.S.C. § 2255 (2001). Because *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), cannot be applied retroactively to initial motions for post-conviction relief, we will affirm.

Ronald Whethers was charged with operating a large-scale cocaine trafficking ring in Southwestern Pennsylvania from 1989 to 1996. After a jury trial he was convicted of conspiracy to distribute and to posses with intent to distribute cocaine and money laundering. The amount of drugs involved was not submitted to the jury. The District Court found by a preponderance of the evidence that Whethers was responsible for more than 150 kilograms of cocaine. Based on this quantity, Whethers was sentenced to the statutory maximum, life in prison. 21 U.S.C. § 841(b)(1)(A). The District Court explained that the harsh sentence was due to evidence of the violent nature of Whethers' drug organization.

On appeal, we upheld Whethers' conviction in a not-precedential opinion on July 10, 1998. *United States v. Whethers,* 159 F.3d 1354 (3rd Cir.1998). On December 23, 1999, he filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. On June 26, 2000, the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holding that any facts increasing the statutory maximum sentence to which a defendant could be subject must be proved beyond a reasonable doubt and found by a jury at trial. On March 29, 2001, Whethers filed a motion to amend his Section 2255 motion, challenging his sentence under *Apprendi.*

The District Court had subject matter jurisdiction under 28 U.S.C. § 2255, and we exercise jurisdiction pursuant to Title 28 U.S.C. § 1291, and 28 U.S.C. § 2253(a). We review the issue of the retroactivity of *Apprendi* de novo. *United States v. Lloyd,* 188 F.3d 184, 186 (3rd Cir.1999).

Whethers argues that the *Apprendi* rule is a substantive, not a procedural, rule. In the alternative, Whethers urges that if *Apprendi* is a procedural rule, to be analyzed using the rule set forth in *Teague v. United States,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), it is nonetheless entitled to retroactive effect because *Apprendi* fits into one of the two exceptions to the general rule against retroactivity.

Whethers' arguments are to no avail. Recently, in *United States v. Swinton,* 333 F.3d 481 (3d Cir.2003), and *United States v. Jenkins,* 333 F.3d 151 (3d Cir.2003), we have held that the Supreme Court's rule in

**146**

*Apprendi* is a rule of criminal procedure that should be analyzed using the standard set forth in *Teague*. We determined further that *Apprendi* did not fit into either exception under *Teague*, because it did not "place[ ] certain kinds of conduct beyond the power of the criminal law-making authority to proscribe," or "require[ ] the observance of those procedures that . . . . are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 288, 109 S.Ct. 1060. *Jenkins* and *Swinton* thus foreclose Whethers' arguments.

For the foregoing reasons, we will deny Whethers' § 2255 motion for post-conviction relief.