**UNITED STATES of America,**

v.

**Terrence GIBBS a/k/a Terry, a/k/a T Terrence Gibbs, Appellant.**

**No. 01–1262.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 2, 2003.

Decided Sept. 18, 2003.

108

Before SLOVITER, NYGAARD and ROTH, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Terrence Gibbs appeals from the order of the District Court denying his motion under 28 U.S.C. § 2255 alleging that his sentence violated his constitutional rights as enunciated by the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Gibbs was convicted in May 1997 of one count of conspiracy to distribute cocaine, one count of bribery of a public official, one count of operating a continuing criminal enterprise, 15 counts of use of a telephone to facilitate a drug felony, and two counts of conspiracy to launder money. Gibbs contends, and the Government does not deny, that there was no physical evidence introduced at trial to establish the quantity of drugs attributed to Gibbs. He was sentenced by the court to life imprisonment, a sentence authorized by the ap-

plicable statute. Gibbs appealed his conviction and sentence to this court and we affirmed. *United States v. Gibbs,* 190 F.3d 188 (3d Cir.1999), *cert. denied* 528 U.S. 1131, 120 S.Ct. 969, 145 L.Ed.2d 840 (2000).

Gibbs then filed a motion under 28 U.S.C. § 2255 alleging that his sentence violated the rule enunciated in *Apprendi* because the issue of drug quantity was not submitted to the jury and because the trial court did not apply the beyond-a-reasonable-doubt standard in making its sentence determination. The District Court denied Gibbs' motion, holding that *Apprendi* did not apply retroactively to cases on collateral review. *See United States v. Gibbs,* 125 F.Supp.2d 700 (E.D.Pa.2000). Gibbs appealed to this court. We issued a Certificate of Appealability (COA) on the following two issues: (1) whether the Supreme Court's decision in *Apprendi* applies retroactively to cases on initial collateral review; and (2) whether Gibbs is procedurally barred from challenging his conviction and sentence on *Apprendi* grounds because he failed to raise the argument on direct appeal. We directed the appointment of counsel, and the parties filed briefs directed to the issues listed in the COA. In his brief to this court, Gibbs argued that *Apprendi* effected a substantive change in the definition of crimes which is to be applied retroactively. He also argued that there is no controlling authority precluding this court from applying *Apprendi* retroactively to the case at bar, noting specifically that the Third Circuit has not made a dispositive ruling on this issue.

Earlier this year this court, in two decisions, rejected Gibbs' claim. In *United States v. Swinton,* 333 F.3d 481 (3d Cir. 2003), we rejected Swinton's contention that *Apprendi* was a substantive rule and held instead that *Apprendi* announced a

new rule of criminal procedure that must be analyzed for its retroactive application pursuant to the decision of the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Applying the *Teague* analysis, we concluded that the rule of criminal procedure announced in *Apprendi* does not apply retroactively to cases on collateral review. *Swinton,* 333 F.3d at 489–91. This was the same conclusion reached by the Courts of Appeals for the Fourth, Fifth, Seventh and Eleventh Circuits. *See United States v. Brown,* 305 F.3d 304 (5th Cir.2002), *cert. denied,* — U.S. —, 123 S.Ct. 1919, 155 L.Ed.2d 840 (2003); *Curtis v. United States,* 294 F.3d 841 (7th Cir.), *cert. denied,* 537 U.S. 976, 123 S.Ct. 451, 154 L.Ed.2d 334 (2002); *McCoy v. United States,* 266 F.3d 1245 (11th Cir.2001), *cert. denied,* 536 U.S. 906, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002); *United States v. Sanders,* 247 F.3d 139 (4th Cir.), *cert. denied,* 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001). In another opinion issued several weeks earlier, we also held that *Apprendi* does not apply retroactively to cases on collateral review. *See United States v. Jenkins,* 333 F.3d 151 (3d Cir. 2003). These cases are dispositive of the first issue on which we granted a Certificate of Appealability, thus mooting the second issue.

In his response to our request that the parties file contemporaneous memoranda discussing the effect of *Swinton* and *Jenkins* on the issue raised by Gibbs, Gibbs argues that he presents an argument that neither *Swinton* nor *Jenkins* addressed, i.e., that the right to trial by jury guaranteed by the Sixth Amendment would be diminished if his sentence can be increased from a statutory maximum of 20 years to life without a jury finding the facts necessary to justify such a sentence. This court did not grant a Certificate of Appealability on that issue. Nor did it grant a Certifi-cate of Appealability on Gibbs' contention that appellate counsel was ineffective for not arguing that his sentence violated *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). We will confine ourselves to the issues on which we granted a Certificate of Appealability.

For the reasons set forth above, we will affirm the order of the District Court.