UNITED STATES of America,

v.

**Damon MEADOWS, Appellant.**

**No. 02–3597.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 2, 2003.

Decided Sept. 18, 2003.

Before SLOVITER, NYGAARD and ROTH, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Damon Meadows appeals his sentence, requesting that we remand to the District Court for resentencing. We dismiss his appeal for lack of jurisdiction.

## I.

## BACKGROUND

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issue under consideration. On March 29, 1993, a federal grand jury in the Eastern District of Pennsylvania returned a superseding indictment charging Meadows with conspiracy, in violation of 21 U.S.C. § 846, to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). The indictment charged Meadows with involvement in the "Keith Ellis Organization," which sold large quantities of cocaine and crack in South Philadelphia.

After trial, a jury found Meadows guilty of the charges. Thereafter, the District Court found by a preponderance of the evidence that Meadows' offense involved 18.285 kilograms of crack cocaine, yielding an offense level of 42. The court then added two levels for distribution within 1,000 feet of a school pursuant to U.S.S.G. § 2D1.2; two levels for possession of a firearm in relation to the offense of conviction pursuant to U.S.S.G. § 2D1.1(b); and two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The total offense level of 48 dictated a mandatory life sentence, which the district court imposed.

Meadows filed a direct appeal, challenging both his conviction and sentence. We affirmed both. *See United States v. Meadows,* 52 F.3d 318, 1995 WL 214310 (3d Cir.) (table), *cert. denied,* 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 164 (1995). Thereafter, Meadows filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In that motion, Meadows made various claims, alleging an error in a jury instruction and raising ineffective assistance of counsel claims as to trial, Meadows' plea of not guilty, and sentencing. The District Court denied these claims, but nonetheless granted Meadows partial relief. Specifically, pursuant to its power under 18 U.S.C. § 3582(c)(2), the District Court adjusted Meadows' sentence based on a retroactive guideline amendment reducing the highest based offense level from 42 to 38.[1] Fur-

---

1. In relevant part, 18 U.S.C. § 3582(c)(2) reads: "The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subse-

thermore, the court found that it had erred in applying a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The court, however, rejected Meadows' challenge to the two-level enhancement for distribution in a school zone. On December 19, 1997, the court vacated Meadows' original sentence and resentenced him to 480 months in prison and a $10,000 fine. *See United States v. Meadows*, 1997 WL 835413 (E.D.Pa.1997).

Meadows appealed the denial of his constitutional claims in his § 2255 motion but we denied a certificate of appealability. Meadows also appealed his new sentence, specifically the application of the school zone enhancement and raised, for the first time, claims pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2]

As to Meadows' challenge to the District Court's application of the school zone enhancement, we referred to our intervening decision in *Watterson v. United States*, 219 F.3d 232 (3d Cir.2000), where we held that the fact that a conspiracy to distribute cocaine operated within 1,000 feet of a school was irrelevant to the determination of the base offense level pursuant to U.S.S.G. § 1B1.1(a). Thereafter, we applied *Watterson* and concluded that the District Court erred in using U.S.S.G. § 2D1.2 to calculate the base offense. *United States v. Meadows*, 261 F.3d 494 (3d Cir.2001) (table).

As to Meadows' *Apprendi* claims, we concluded that they could not be resolved until this court en banc rendered its decision in *United States v. Vazquez. Id.* We remanded to the District Court for resentencing in light of *Watterson* and the forthcoming *Vazquez* opinion.

In *Vazquez*, this court held that alleged *Apprendi* violations that are not preserved at sentencing are subject to plain error review. 271 F.3d 93, 99 (3d Cir.2001) (en banc), *cert. denied*, 536 U.S. 963, 122 S.Ct. 2672, 153 L.Ed.2d 845 (2002). In light of *Vazquez*, and in accordance with this court's instructions, the District Court again resentenced Meadows, this time to a term of 292 months. It further reduced his fine to $1,500.00. As to the *Apprendi* issue, the Government argued that *Apprendi* claims could not be raised in a collateral proceeding and that in any event, Meadows had failed to establish plain error. Failing to resolve the first argument, the District Court concluded that Meadows had not established plain error.

Once again, Meadows appealed his sentence. This appeal is currently before us.

## II.

### DISCUSSION

Meadows claims that the District Court violated our mandate when it imposed a sentence that exceeded the applicable twenty-year statutory maximum. The Government argues that the District Court and this court lack jurisdiction to consider Meadows' *Apprendi* claims and that even if jurisdiction exists, the sentencing court did not commit plain error in failing to submit the issue of threshold drug quantity to the jury. As to jurisdiction, the Government argues that because the basis for the District Court's resentencing proceeding, which Meadows now appeals, was

---

quently been lowered by the Sentencing Commission."

**2.** In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

under 18 U.S.C. § 3582(c)(2), he cannot raise an *Apprendi* claim.

■ The Government is correct in asserting that our decision in *United States v. McBride,* 283 F.3d 612 (3d Cir.2002), forecloses Meadows from raising *Apprendi* claims when seeking a modification of a sentence under 18 U.S.C. § 3582(c)(2). In *McBride,* we held that *Apprendi* does not afford relief that is being sought pursuant to § 3582(c)(2). *Id.* at 615.

■ In addition to being precluded from raising his *Apprendi* claims in a § 3582(c)(2) motion, Meadows also cannot raise these claims in a petition pursuant to 28 U.S.C. § 2255. In a decision rendered within the last three months, we held that *Apprendi* does not retroactively apply to cases on collateral review. *United States v. Swinton,* 333 F.3d 481 (3d Cir.2003); *see also United States v. Jenkins,* 333 F.3d 151 (3d Cir.2003).

■ Meadows attempts to sidestep both of these jurisdictional roadblocks by arguing that his appeal is pursuant to neither 18 U.S.C. § 3582(c)(2) nor 28 U.S.C. § 2255 but instead is a direct criminal appeal. We disagree. In 1995, we affirmed Meadows conviction and sentence and thus Meadows has already exhausted his direct criminal appeal in this case. The District Court rejected a similar argument made by counsel for Meadows.[3]

Rejecting Meadows' argument that we should construe his appeal as a direct criminal appeal, we are left with either 18 U.S.C. § 3582(c)(2) or 28 U.S.C. § 2255 as a basis for his current appeal, neither of which is an appropriate avenue in which to raise *Apprendi* claims.

**3.** Counsel stated: "I don't think this is a collateral review." The District Court disagreed,

noting that "we're here because of a 2255." App. at 10–11.

## III.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.