**George ROHLSEN, Appellant,**

v.

**UNITED STATES of America.**

No. 01–4258.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 10, 2003.

Decided Jan. 9, 2004.

George Rohlsen, pro se, Beaumont, TX, for Appellant.

Azekah E. Jennings, Office of United States Attorney, Christiansted, St. Croix, for Appellee.

Before NYGAARD, BECKER, and STAPLETON, Circuit Judges.

OPINION

BECKER, Circuit Judge.

This is an appeal from an order of the District Court denying the motion of George Rohlsen for relief from judgment under 28 U.S.C. § 2255. The judgment attacked Rohlsen's conviction by a jury on drug possession charges in violation of 21 U.S.C. § 841. He was sentenced to 262 months in prison. We affirmed the conviction in a not precedential opinion, *United States v. Riviere*, 185 F.3d 864 (3d Cir. 1999), and Rohlsen's petition for a writ of certiorari was denied, *Rohlsen v. United States*, 528 U.S. 976, 120 S.Ct. 425, 145 L.Ed.2d 332 (1999).

The gravamen of the § 2255 petition is that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because there was no factual determination (beyond a reasonable doubt) by the jury of drug quantity. The government responded that *Apprendi* did not apply because *Apprendi* applies only to factual determinations that increase a statutory maximum sentence which, the government maintains, is not the case here (though Rohlsen says that it is).

At all events, since Rohlsen's conviction became final before *Apprendi* was decided, *Apprendi* would have to be retroactive on collateral review in order for us to grant relief. Because that question was then in flux, this Court granted a certificate of appealability as to the *Apprendi* issue. However, we have since decided *United States v. Jenkins,* 333 F.3d 151 (3d Cir. 2003), and *United States v. Swinton,* 333 F.3d 481 (3d Cir.2003), which held that *Apprendi* is not retroactive on collateral review. Thus we cannot grant relief to Rohlsen on the claim on which we granted a certificate of appealability.

We have considered the other matters raised by Rohlsen in his § 2255 petition, noted in the margin,[1] but agree with Judge Moore that they lack merit. The order of the District Court denying relief will be affirmed.

---

1. In his petition, Rohlsen claims that he was prejudiced by ineffective assistance of counsel for failing to challenge the presentence report as erroneous; for failing to present evidence of entrapment; for raising frivolous issues on appeal; for not allowing Rohlsen to testify at the suppression hearing; for calling witnesses whose testimony did not help Rohlsen; for failing to object to the Court's jury instructions which erroneously defined "reasonable doubt"; and for allowing his right to a speedy trial to be violated. He also claimed that the District Court incorrectly applied two points each pursuant to § 4A1.1(b) of the United States Sentencing Guidelines to two prior convictions that were related and that the District Court erred by applying a two point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.