

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2005

# USA v. Fritz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2641

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Fritz" (2005). *2005 Decisions.* Paper 781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-297                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2641
_____

UNITED STATES OF AMERICA

v.

ROBERT J. FRITZ,
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 99-cr-00042-MM)
District Judge: Honorable Malcolm Muir

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2005

Before: RENDELL, FISHER AND VANANTWERPEN, Circuit Judges.

(Filed:  July 26, 2005)

_____

OPINION

_____

PER CURIAM

Robert L. Fritz appeals from the order of the District Court for the Middle District

of Pennsylvania denying his § 2255 motion.

In 2000, Fritz was convicted by a jury in the Middle District of Pennsylvania of

conspiracy to possess with intent to deliver controlled substances, including heroin, cocaine, and more than fifty (50) grams of crack cocaine, and of possession with intent to deliver crack cocaine resulting in the death of a female, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to a term of 360 months imprisonment. This Court affirmed. See United States v.Fritz, C.A. No. 00-4120 (3d Cir. January 28, 2002). The Supreme Court denied certiorari on October 7, 2002.

On October 3, 2003, Fritz filed a timely § 2255 motion claiming ineffectiveness of counsel and misconduct by the Government attorney at trial, and challenging the enhancement of his sentence based on judicial findings of drug type and quantity, Fritz's role in the offense, the use of a minor in the commission of the offense, and possession of a firearm during the commission of the offense. Upon consideration of the filings, the District Court denied the § 2255 motion on its merits. By order entered April 23, 2004, the District Court denied the § 2255 motion and declined to issue a certificate of appealability. Fritz timely appealed. Fritz filed a request for a certificate of appealability on all of the § 2255 claims and, for the first time, raised Blakely v. Washington, 124 S.Ct. 2531 (2004) to attack the sentence enhancements imposed under the Federal Sentencing Guidelines. We granted a certificate of appealability on the Blakely claim only.

We have jurisdiction to consider this appeal under 28 U.S.C. §§ 1291 and 2255. We exercise plenary review over the District Court's order denying § 2255 relief. United States v. Jenkins, 333 F.3d 151, 153 (3d Cir. 2003). In April 2005, we stayed Fritz's

appeal pending our decision in <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005) and granted his motion for appointment of counsel. After <u>Lloyd</u> was decided in May 2005, we issued an order lifting the stay. We notified the parties that it was possible that we would take summary action in light of <u>Lloyd</u> and that we would reconsider appointment of counsel under I.O.P. 10.3.2. The parties have responded and the matter is ready for disposition. We will also address Fritz's <u>pro</u> <u>se</u> motion to expand the certificate of appealability filed in February 2005, requesting that we revisit all of the claims raised in his § 2255 motion.

## I.
### The Blakely Claim

Fritz contends that the District Court wrongly adjusted his base offense level upward by five points based on the court's factual findings made pursuant to the Federal Sentencing Guidelines. Fritz argues that his sentence was imposed in violation of <u>Blakely</u>. Of course, now, the argument is governed by the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). This Court has held that the new rule announced in <u>Booker</u>, which applied the <u>Blakely</u> rule to the Federal Sentencing Guidelines, is not retroactively applicable to cases on collateral review. <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005). Fritz's conviction became final in October 2002, well before <u>Blakely</u> or <u>Booker</u> were decided, and thus, the new rule announced in these cases is not applicable to Fritz's § 2255 claim. Fritz opposes summary action, distinguishing <u>Lloyd</u> on its facts and procedural history and requesting that we reconsider

3

Lloyd in light of what the Supreme Court may decide on the question of retroactivity. We find Fritz's arguments unpersuasive. Our decision in Lloyd resolves the threshhold question of retroactivity in this case. Accordingly, we will summarily affirm the District Court's denial of Fritz's collateral challenge to the sentence enhancements. In light of the foregoing, we see no need to appoint counsel.

## II.
### Motion to Expand the Certificate of Appealability

Fritz requests that the certificate of appealability be expanded to include the remaining claims in his § 2255 motion. By granting a certificate of appealability on the Blakely claim only, we denied a certificate of appealability on the remaining § 2255 claims. Fritz has offered no reason sufficient to revisit the decision, and we find none on the record.

## III.

Because precedent set forth in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) warrants it, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. Fritz's application to expand the certificate of appealability to include the remaining claims in his § 2255 motion is denied.