

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2007

# USA v. Colson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Colson" (2007). *2007 Decisions*. Paper 1736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4944
_____

UNITED STATES OF AMERICA

v.

ANTONIO LAMAR COLSON,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cr-00254)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before:  McKEE, AMBRO and FISHER, *Circuit Judges*.

(Filed January 26, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Antonio Colson pleaded guilty to a two-count indictment charging him with

conspiracy to deal firearms without a license in violation of 18 U.S.C. § 371 and dealing

firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2).  He now

appeals from his sentence of forty-five months imprisonment for each count, to be served consecutively. For the reasons that follow, we will affirm the sentence imposed by the District Court.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. Antonio Colson met co-conspirator Daron Mackey in the summer of 2002 when he was visiting New Jersey. According to the Presentence Investigation Report, Colson offered Mackey the opportunity to earn money by selling firearms in New Jersey. After making this agreement with Mackey, Colson recruited his cousin James Goodrum to purchase firearms in Georgia, where they are relatively cheap, so they could be sold for a profit in New Jersey.

In December 2002, Goodrum purchased at least ten firearms using money he had received from Colson. Colson then took the firearms, placed them in a backpack, and sent them on a Greyhound bus to New Jersey. He alerted Mackey, who was a Greyhound employee at Newark's Penn Station, when the backpack was scheduled to arrive. Mackey retrieved the bag, sold the weapons, and wired the money back to Colson. Colson kept some of the money as a profit, and wired the rest to Goodrum to repeat the cycle. At no point was Colson licensed to deal firearms.

After a joint investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in New Jersey and Georgia, during which agents made eight undercover firearm purchases from Mackey in New Jersey that matched guns purchased

2

by Goodrum in Georgia, the two men were arrested in January 2003. After interviewing Mackey and Goodrum, ATF agents arrested Colson at his Florida residence on March 30, 2004.

On April 14, 2004, a grand jury in Newark, New Jersey issued a two-count indictment, charging Colson with conspiracy to deal firearms without a license in violation of 18 U.S.C. § 371 and dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2). On April 27, 2004, Colson signed a plea agreement, pleading guilty to both counts of the indictment. On October 28, 2005, the District Court sentenced him to a forty-five month term of imprisonment for each count, to be served consecutively, followed by three years of supervised release on each count, to run concurrently. He now appeals this sentence. We exercise jurisdiction over this appeal under 28 U.S.C. § 1291.

## II.

Colson's first argument is that the District Court's imposition of consecutive sentences for conspiracy to deal firearms and for dealing firearms violates the double jeopardy clause. Because he failed to raise this objection at sentencing, we review the claim for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002). However, it is clear under any standard of review that "a substantive crime and conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992). Each offense "contains an element not contained in the other." *United States v. Dixon*, 590 U.S. 688, 696 (1993).

3

Conviction under 18 U.S.C. § 371 requires proof that two or more persons conspired to commit an offense, but does not require proof that the offense was completed, which is an element necessary for conviction under 18 U.S.C. §§ 922(a)(1)(A) and (2).

Colson next argues that the District Court erred when it imposed consecutive, rather than concurrent, sentences for the two counts to which he pleaded guilty. We review a district court's decision to impose a consecutive or concurrent sentence for abuse of discretion. *United States v. Spiers*, 82 F.3d 1274, 1277 (3d Cir. 1996). Section 3D1.2(b) of the United States Sentencing Guidelines ("U.S.S.G.") provides that "two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan" should be grouped together to form a single offense level. Accordingly, the District Court correctly grouped his two offenses, which together with his criminal history category of V, produced a Guidelines range of 84 to 106 months imprisonment. Because each count carried a statutory maximum sentence of 60 months, however, the only way for the District Court to achieve a sentence within the Guidelines range was to sentence Colson consecutively on each count, pursuant to U.S.S.G. § 5G1.2(d). *See United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003) ("[W]hen [the] statutory maximum sentence on [the] count of conviction with highest maximum is inadequate to achieve total Guidelines sentence, 'the sentence imposed on one or more of the other counts shall run consecutively . . . to the extent necessary to produce a combined sentence equal to the total punishment.'" (quoting U.S.S.G. § 5G1.2(d))). Under these circumstances, no further justification is needed for imposing consecutive sentences, and

4

the dictate that the District Court must consider the § 3553(a) factors applies to the sentence as a whole, not to the determination to impose consecutive, rather than concurrent, sentences. The District Court thus made no error in this respect.

Colson also argues that the District Court erred by sentencing him and his co-conspirators to different terms of imprisonment. Under 18 U.S.C. § 3553(a)(6), sentencing courts must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[1] However, in this case, the conduct and charges against Colson's co-conspirators differ in significant respects from his own. Colson initiated and orchestrated the operation of obtaining guns from Goodrum, sending them to Mackey, and then transferring money back to Goodrum for future purchases. Reflecting the varying roles each co-conspirator had in the operation, Mackey pleaded guilty to the lesser offense of possession of a firearm bearing an obliterated serial number, and Goodrum pleaded guilty to one count of making false statements and representations with respect to information required to be kept in the records of a federally licensed firearms dealer. There is thus no requirement that the sentences of these individuals be similar.

Finally, Colson argues that his sentence is unreasonable, and that the District Court did not properly consider the § 3553(a) factors. A defendant bears the burden of proving

---

[1]The Government correctly notes that this provision speaks of the need to limit disparity among the sentences of similarly situated defendants generally, rather than looking simply at co-defendants. *See United States v. White*, 406 F.3d 827, 837 (7th Cir. 2005).

that his sentence is unreasonable. *United States v. Parker*, 462 F.3d 273, 275 (3d Cir. 2006). In order for us to find that a sentence is reasonable, the "record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors" and that "those factors were reasonably applied to the circumstances of the case." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006). A court is not required to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* at 329.

A review of the record shows that Colson's sentence is reasonable. The District Court properly considered the seriousness of Colson's crime, his extensive and violent criminal history, and his recidivism. It also noted the danger he posed to society, and the need to deter gun crimes. Given this, we cannot say that the District Court's imposition of a sentence within the applicable Guidelines range was unreasonable.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.