**ALD-021**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3385
_____

WILLIAM R. JENKINS,
                                         Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-01061)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011
Before:  SLOVITER, FISHER AND WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2011)
_____

OPINION
_____

PER CURIAM.

        William R. Jenkins, a pro se inmate, appeals the order of the District Court

construing his petition under the All Writs Act, 28 U.S.C. § 1651, as one for a writ of

habeas corpus under 28 U.S.C. § 2241 and dismissing the petition for lack of jurisdiction.

1

Because we conclude that this appeal presents no substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Following a jury trial in District Court, William R. Jenkins was convicted of several weapons and narcotics offenses.  The District Court sentenced Jenkins in October 1998 to 570 months in prison.  This Court affirmed.  (C.A. No. 98-7557).  In September 2000, Jenkins filed his first motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied.  On appeal, this Court held that the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply retroactively to cases on collateral view, and affirmed the District Court's order.  See United States v. Jenkins, 333 F.3d 151 (3d Cir. 2003).  In 2006, we denied Jenkins' application to file a second or successive § 2255 motion.

In June 2011, Jenkins filed a petition under the All Writs Act, 28 U.S.C. § 1651, challenging his sentence and arguing that he is entitled to relief under the Act because he had no other means to attain relief.  The Magistrate Judge recommended that the petition be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed for lack of jurisdiction.  In August 2011, the District Court adopted the Report and Recommendation, dismissing and closing the case.  Jenkins filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  A certificate of

appealability is not required to appeal from the denial of this § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (citing United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000)). We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

### III.

In his petition, Jenkins seeks re-sentencing based, in part, on his claim that the sentencing court improperly relied on a prior state conviction to sentence him as a career offender. He argues that the conviction—simple assault—is no longer a crime of violence, and, therefore, that he is actually innocent of being a career offender pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). See Begay v. United States, 553 U.S. 137 (2008). He also argues that he is actually innocent of aiding and abetting the use or carrying of a firearm in a drug crime under 18 U.S.C. § 924(c), based on Bailey v. United States, 576 U.S. 137 (1995). The District Court construed Jenkins' petition as having been filed pursuant to 28 U.S.C. § 2241 and concluded that it lacked jurisdiction over the petition because Jenkins had an adequate and effective remedy for his sentencing claims in § 2255. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

We agree that the All Writs Act does not apply to Jenkins' claims. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). Jenkins' claims challenging his sentence should be

raised in a § 2255 motion.  Id.  Likewise, we also agree that the District Court lacked jurisdiction over the § 2241 petition because Jenkins could have properly challenged his sentence through a § 2255 motion.  See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective.  Id.  Jenkins could have raised his Bailey claim in his first § 2255 motion.  Additionally, Jenkins' claim that Begay prohibits the use of his prior conviction for simple assault to enhance his sentence is also without merit.  Begay held that a conviction for driving under the influence of alcohol is a not a "violent felony" for purposes of the ACCA.  553 U.S. at 139.  Jenkins sentence was enhanced based on an assault conviction, and therefore Begay is inapplicable.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

4