**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2941
_____

UNITED STATES OF AMERICA

v.

MARK DOLBIN,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 03-cr-00118-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2011
_____

Before: McKEE, Chief Judge, HARDIMAN and BARRY, Circuit Judges

(Opinion Filed: January 13, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

Appellant Mark Dolbin is currently serving a 240 month sentence on drug

trafficking, firearms, and obstruction of justice charges.  This is an appeal from the

District Court's order denying Dolbin's motion for relief, pursuant to 28 U.S.C. § 2255,

on the ground of ineffective assistance of counsel. Because we find that Dolbin has not demonstrated that his trial counsel rendered ineffective assistance by allowing evidence of prior charges to be presented to the jury, we will affirm.

## I.

In May 2003, Dolbin gave a co-conspirator, Roger Frey, $55,000 and instructed him to purchase five pounds of methamphetamine in California and transport the drugs back to Pennsylvania. Frey purchased the methamphetamine as planned, but was arrested by DEA agents during his return trip to Pennsylvania. Upon being apprehended, Frey admitted that he was supposed to deliver the drugs to Dolbin, and agreed to cooperate with the government by wearing a body wire and participating in a "controlled exchange" with Dolbin. This controlled exchange took place under police surveillance on May 12, 2003, as Dolbin picked up Frey and the drugs at a bus station in Harrisburg, Pennsylvania. When law enforcement officers attempted to arrest Dolbin, he fled, leading police on a high speed car chase before abandoning his vehicle and escaping on foot. Dolbin was arrested the next day and, after a series of superseding indictments, was charged with four substantive counts: conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession of a firearm by an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and obstruction of justice in violation of 18 U.S.C. §§ 1512(c)(1),

2

(2) and 2.

On March 7, 2005, a jury trial commenced on all four counts. During the course of what would be a four day trial, the government called sixteen witnesses, including Roger Frey, several law enforcement officers, Dolbin's fiancée, Dolbin's brother, Dolbin's friend, and Dolbin's cellmate in pretrial detention. Relevant to this appeal, DEA Special Agent John Barrett ("Agent Barrett") also testified, albeit briefly, about four of Dolbin's prior felony convictions, simply confirming the date and specific offense of each conviction. Neither Agent Barrett nor any other witness provided further details as to these convictions. At the close of trial, Dolbin was found guilty on all four counts and was sentenced to life in prison. We subsequently vacated that sentence and on remand, the District Court re-sentenced Dolbin to 240 months of imprisonment.

On December 9, 2008, Dolbin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he was provided ineffective assistance by his trial counsel. Dolbin asserted that his trial counsel failed to move to sever the felon in possession of firearms charge ("the § 922(g) charge") from the other charges, failed to stipulate to his prior convictions underlying the § 922(g) charge, and failed to move for a jury instruction limiting evidence related to prior convictions to the fact of those convictions alone. The District Court denied Dolbin's § 2255 motion and he timely appealed. On January 20, 2011, we granted a certificate of appealability on the question of whether Dolbin's counsel "rendered constitutionally ineffective assistance

3

regarding the introduction of evidence of [Dolbin's] prior convictions for purposes of the felon in possession charge."

## II.[1]

We exercise plenary review over a district court's denial of a § 2255 motion. *United States v. Jenkins*, 333 F.3d 151, 153 (3d Cir. 2003). In evaluating a claim for ineffective assistance of counsel, we apply the familiar two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. For the reasons outlined below, we need not address whether the performance of Dolbin's counsel was deficient, as Dolbin cannot show a "reasonable probability" that counsel's alleged errors affected the outcome of his trial. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *see also United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002) ("[I]t is preferable to avoid passing judgment on counsel's performance when possible.").

To establish prejudice under *Strickland*, a defendant must demonstrate "'a reasonable probability that, but for counsel's unprofessional errors, the result of the

[1]The District Court had subject matter jurisdiction over the underlying criminal prosecution pursuant to 18 U.S.C. § 3231 and over the motion to vacate pursuant to 28 U.S.C. § 2255. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

proceeding would have been different.'" *Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006) (quoting *Strickland*, 466 U.S. at 694). A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In rejecting Dolbin's prejudice argument, the District Court observed that "[t]he evidence that supports Dolbin's guilty verdict is, simply put, immense." We agree. The District Court has ably and exhaustively catalogued the enormous amount of compelling evidence adduced against Dolbin at trial, and we need not reprise that discussion here. Suffice it to say, the uncontradicted testimony of several DEA agents and law enforcement officers—which was corroborated and enhanced by testimony from Dolbin's own friends, relatives, and co-conspirators—in combination with the audio recording of the controlled exchange and the trove of incriminating physical evidence recovered from Dolbin's home and storage unit, constitutes ample evidence of Dolbin's guilt.

In the face of this overwhelming evidence, Dolbin argues that because his trial counsel did not move to sever the § 922(g) charge or stipulate to his prior convictions, the government was permitted to introduce evidence of his prior convictions, thereby "taint[ing] the jury's view" and "significantly prejudic[ing]" him. Dolbin provides no explanation as to how it is reasonably probable that he would have been acquitted of the charged offenses had Agent Barrett not testified to the fact of his prior convictions. Instead, he simply concludes his brief with the bald assertion that absent trial counsel's allegedly deficient performance, "the outcome of the case likely would have been

5

different."  Given the government's evidence, however, there simply is no reasonable probability that, had the jury not heard evidence of Dolbin's prior convictions, it would have acquitted him.  This is especially true, as the District Court observed, in light of "the way the different, unrelated witnesses' accounts corroborated each other, fit together, and were enhanced by the direct evidence produced through the police investigation."  Accordingly, Dolbin's ineffective assistance claim fails.

## III.

Because Dolbin cannot demonstrate ineffective assistance of counsel, we will affirm the District Court's order denying his motion under § 2255.