DLD-130                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3165
_____

UNITED STATES OF AMERICA

v.

TERRENCE GIBBS, also known as T
also known as Terry,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-96-cr-00539-002)
District Judge:  Honorable Harvey Bartle III
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2015

Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Terrence Gibbs appeals the District Court's order denying his motion for a writ of audita querela. For the reasons below, we will grant the Government's motion for summary affirmance.

Gibbs was convicted in 1997 of drug trafficking and other crimes and sentenced to life in prison. We affirmed his conviction and sentence, see United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999), and the District Court's denial of Gibbs's motion filed pursuant to 28 U.S.C. § 2255. See United States v. Gibbs, 77 F. App'x 107 (3d Cir. 2003). In 2014, Gibbs filed a petition for a writ of audita querela. The District Court denied the petition as well as Gibbs's motion for reconsideration. Gibbs filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 over the District Court's orders denying his petition and his motion for reconsideration. See Fed. R. App. P. 4(a)(4).

The District Court denied Gibbs's petition based on our decision in Massey v. United States, 581 F.3d 172 (3d Cir. 2009) (per curiam). In Massey, the petitioner filed a petition for a writ of audita querela and argued that he was entitled to a new sentencing hearing based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We held that Massey could not use audita querela as a vehicle for relief because his claim was cognizable under § 2255. Massey, 581 F.3d at 174.

Gibbs argues that his petition raises a claim based on the "remedial, non-constitutional" holding of Booker, which he contends is distinguishable from the claim in Massey. He asserts that when the mandatory nature of the Sentencing Guidelines was

2

excised by the Court in <u>Booker</u> to make the Guidelines constitutional, his life sentence was invalidated. However, like Gibbs, the petitioner in <u>Massey</u> argued that the sentencing court would have given him a shorter sentence if the Guidelines had not been viewed as mandatory. <u>Id.</u> at 174. We held that the District Court correctly determined that Massey could not use audita querela because his claim was cognizable on § 2255. <u>Id.</u> Here, as in <u>Massey</u>, Gibbs's personal inability to use § 2255 to bring his claim does not establish that there is a gap in the post-conviction remedies that may be filled by filing for audita querela.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, we will grant the Government's motion and summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6. The Government's motion for permission to be excused from filing a brief is denied as moot.