

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brown" (2006). *2006 Decisions.* Paper 1436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-147                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-1261/1870
_____

UNITED STATES OF AMERICA

v.

DARRYL L. BROWN,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Crim. Nos. 01-cr-00204 & 01-cr-00205)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
and on Motion to Expand Certificate of Appealability
February 24, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: March 14, 2006)

_____

OPINION
_____

PER CURIAM

 Darryl L. Brown appeals from the order of the United States District Court for the

Eastern District of Pennsylvania denying his § 2255 motion.

Brown pled guilty on November 11, 2001, to multiple counts of conspiracy to commit bank fraud, identity theft and wire fraud, bank fraud, interstate transportation of stolen motor vehicles, and fraudulent use of a Social Security account number to deceive or defraud. All of the charges arose out of Brown's operation of an identity theft ring that used stolen identities for the fraudulent purchase of automobiles. Brown was sentenced to 180 months of imprisonment in the aggregate, supervised release, and restitution in the amount of $1,155,591.09, plus a special assessment. We affirmed the conviction and sentence on November 19, 2003.

Brown filed a motion to vacate his sentence under 28 U.S.C. § 2255, which he amended in March and July 2004, raising a total of twenty claims, including (1) a claim under Blakely v. Washington, 124 U.S. 2531 (2004), challenging sentence enhancements he received, (2) claims of constitutional deficiencies in the indictment and guilty plea hearing, and (3) numerous ineffective assistance of counsel claims arising out of (a) the Government's failure to file a 5K1.1 motion on his behalf, and (b) the fact that he did not receive a downward adjustment for acceptance of responsibility. Brown also alleged that counsel was ineffective for failing to challenge on appeal the District Court's calculation of the restitution amount, failing to confer with Brown about the 302 statements prior to the hearing on Brown's motion to compel specific performance of the plea agreement, failing to bring to the Court's attention the Government's failure to disclose to the defense the existence of letters that were favorable to Brown, and failing to challenge on appeal the Government's motion for upward departure based on the non-economic harm to the victims of identity theft. The District Court denied Brown's Blakely claim, holding that

Blakely did not apply retroactively on collateral review. The District Court issued a certificate of appealability as to the Blakely claim, however, explaining that "if Blakely were retroactive and if a Blakely claim were not procedurally defaulted, an issue that the Court does not decide here, the Court would have difficulty concluding that Mr. Brown admitted at the time of his guilty plea hearing all of the operative facts that apply to the Guideline enhancements in this case." The District Court denied the remaining claims on their merits and declined to issue a certificate of appealability as to those claims. Brown filed a motion for reconsideration, which the District Court denied. Brown then filed this timely appeal.

We have jurisdiction to consider this appeal under 28 U.S.C. §§ 1291 and 2255. Brown has filed a motion for appointment of counsel and an application to expand the certificate of appealability. After issuance of our decision in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Clerk advised the parties that the Court would consider possible summary action in this matter in light of Lloyd. The parties have responded and the matter is ready for disposition. We exercise plenary review over the District Court's order denying § 2255 relief. United States v. Jenkins, 333 F.3d 151, 153 (3d Cir. 2003). We will affirm the District Court's order.

I.

Brown requests that the certificate of appealability be expanded to include the remaining nineteen claims in his § 2255 motion. We deny the request. The District Court correctly treated Brown's amendment of those claims, in March 2004, as having replaced the original § 2255 claims 1-4, and thus correctly dealt with those claims, as amended.

3

With respect to the remainder of his claims, we conclude that Brown has not made a substantial showing of the denial of a constitutional right, for substantially the reasons set forth by the District Court in its memorandum opinion. See 28 U.S.C. § 2253(c). We decline to address Brown's new claims with regard to appellate counsel Campbell and former plea counsel Martir because he did not raise them in the District Court.

## II.

Brown contends that the District Court erred in adjusting his base offense level upward by twenty-three points based on the court's factual findings made pursuant to the Federal Sentencing Guidelines. Brown argues that his sentence was imposed in violation of Blakely.[1] Of course, this argument now is governed by the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). We have held that the rule announced in Booker, which applied the Blakely rule to the Federal Sentencing Guidelines, is not retroactively applicable to cases on collateral review where the judgment of conviction was final as of January 12, 2005, the date on which the Booker opinion was issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). Brown's conviction became final in

---

[1] Brown asserts in his Response to the notice advising him of possible summary action that his § 2255 motion also included a claim that counsel was ineffective for failing to raise, on direct appeal, an Apprendi challenge to the sentence enhancements. Our review of the record indicates that Brown did not raise this claim in his original § 2255 motion or any subsequent amendments. He raised the issue only in response to the Government's argument that his Blakely claim was procedurally defaulted. The District Court explicitly declined to decide the Blakely claim on procedural default grounds. Because Brown did not raise the claim in the District Court, we will not review it for the first time on appeal. If Brown wishes to pursue a second or successive § 2255 motion in District Court, he must obtain leave from this Court before doing so. See § 28 U.S.C. §§ 2255 ¶ 8 & 2244.

4

August 2002, well before <u>Blakely</u> and <u>Booker</u> were decided. Our decision in <u>Lloyd</u> thus resolves the question of retroactivity in this case, which is the only issue as to which the District Court granted a certificate of appealability. Accordingly, we will summarily affirm the District Court's order. In light of the foregoing, there is no need to appoint counsel in this matter.

III.

For the foregoing reasons, Brown's motion for appointment of counsel and his application to expand the certificate of appealability are denied. Because precedent in <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005), which was decided after this appeal was taken, answers the question as to which the District Court granted a certificate of appealability, we will summarily affirm the District Court's order. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.