**HLD-145**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2694
_____

IN RE:  DARRYL L. BROWN, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. Nos. 01-cr-00204 and 01-cr-00205)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA, and WEIS, Circuit Judges

(filed: July 26, 2010)
_____

OPINION
_____

PER CURIAM.

Darryl Brown, proceeding pro se, has filed a petition for a writ of

mandamus seeking to compel the United States District Court for the Eastern District of

Pennsylvania to adjudicate several claims asserted in his habeas proceedings.  We will

deny the mandamus petition.

In 2001, Brown pleaded guilty in District Court to numerous charges

stemming from an identity theft ring in which stolen identities were used to buy

1

automobiles.[1]  In 2002, Brown was sentenced to 180 months in prison.  The Court affirmed Brown's sentence in 2003.

In October 2003, Brown filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  He re-filed his § 2255 motion on the proper form in November 2003. Brown filed amended § 2255 motions in March 2004 and July of 2004, raising, among other things, a claim based on Blakely v. Washington, 542 U.S. 296 (2004).  In 2005, the District Court denied the § 2255 motion on the merits but granted a certificate of appealability on Brown's Blakely claim.

Brown filed a motion in this Court to expand the certificate of appealability. In addition to seeking review of the other claims raised in his § 2255 motion, Brown claimed that the District Court failed to address claims 1 to 4 as presented in his October 2003 motion.  We affirmed the District Court's order denying the § 2255 motion.  United States v. Brown, 170 Fed. Appx. 240 (3d Cir. 2006) (per curiam) (unpublished decision). We held that Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), which decided that United States v. Booker, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review, was dispositive of Brown's Blakely claim.  Relevant to the present petition, we ruled that the District Court correctly treated Brown's amended claims as replacing his original claims 1 to 4 and addressed the claims as amended.  We also denied Brown's request to expand the certificate of appealability to review the other claims

_____

[1]  Brown was indicted twice, resulting in the filing of two actions in District Court.

2

raised in his § 2255 motion and declined to address claims that he had not raised in District Court.

Almost three years later, in June 2009, Brown filed a pro se motion for relief under Federal Rule of Civil Procedure 60(b) or, in the alternative, for relief through a petition for a writ of audita querela. Brown again asserted that the District Court failed to consider claims 1 to 4 in his original § 2255 motion. He addressed the merits of those claims. The District Court denied the Rule 60(b) motion, stating that it had considered all of Brown's claims. The District Court dismissed Brown's substantive claims for lack of jurisdiction, explaining that Brown was required to obtain our authorization before filing a second or successive § 2255 motion. The District Court also denied Brown's petition for a writ of audita querela. We denied Brown's request for a certificate of appealability. See C.A. No. 09-3158.

Brown now seeks a writ of mandamus setting aside the District Court's order denying his § 2255 motion or compelling the District Court to adjudicate claims 1 to 4 in his original § 2255 motion. The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). The writ is a drastic remedy that is seldom issued and its use is discouraged. Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

3

Mandamus relief is not available because Brown had another means to attain the desired relief through his appeal of the denial of his § 2255 motion. Moreover, in that appeal, we considered, and rejected, Brown's argument that the District Court failed to address four of the claims raised in his original § 2255 motion. As noted above, in our decision affirming the denial of Brown's § 2255 motion, we stated that the District Court correctly treated Brown's amended claims as having replaced claims 1 to 4 in his original filing. Brown, 170 Fed. Appx. at 242. Because Brown has already litigated this issue, we may not consider it. See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) (stating that the law of the case doctrine precludes review of those legal issues that the Court in a prior appeal actually decided).

Accordingly, we will deny the petition for a writ of mandamus.